Tyrone K. **HARRIS**, Petitioner–Appellant,

v.

**UNITED STATES of America,** Respondent–Appellee.

No. 97–4309.

United States Court of Appeals, Sixth Circuit.

Submitted March 9, 1999.

Decided March 17, 1999.

Melynda W. Cook (briefed), Schad, Buda & Cook LLC, Cincinnati, OH, for Petitioner–Appellant.

Gary L. Spartis (briefed), Office of U.S. Attorney, Columbus, OH, for Respondent–Appellee.

Before: MERRITT, DAUGHTREY, and FARRIS,* Circuit Judges.

## OPINION

MERRITT, Circuit Judge.

In the instant § 2255 case, the petitioner timely filed on November 5, 1997, a notice of appeal from the District Court's October 23, 1997, partial denial of a certificate of appealability. The petitioner did not file a separate notice of appeal from the District Court's September 23, 1997, order denying the § 2255 petition on the merits. The question before us is whether such a notice of appeal, referring only to the certificate, is sufficient to appeal the underlying judgment denying the § 2255 petition. We find that it is.

Rule 3(c) of the Federal Rules of Appellate Procedure requires a notice of appeal to designate the parties appealing, the judgment or order appealed from and the court of appeal. The Supreme Court has recognized, however, that "[c]ourts will liberally construe the requirements of Rule 3." *Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992); *see also McMillan v. Barksdale*, 823 F.2d 981, 983 (6th Cir.1987) ("Although Rule 3(c) does suggest a form to be followed, there is no magic document called a Notice of Appeal."). In particular, the courts have held that a notice of appeal naming a post-judgment decision may serve as a functional equivalent of an appeal of the judgment itself. *See, e.g., Boburka v. Adcock*, 979 F.2d 424, 426 (6th Cir.1992) (holding that an appeal of a post-judgment order denying motion for a new trial should be treated as an appeal of the underlying judgment). In *Peabody Coal Co. v. Local 1734, United Mine Workers*, 484 F.2d 78, 81–82 (6th Cir.1973), we held that a notice of appeal that names only a post-judgment decision may extend to the judgment itself if "it can be reasonably inferred from the notice of appeal that the intent of the appellant was to appeal from the final judgment [and] it also appears that the appellee has not been misled." In *Peabody*, the appellant's notice of appeal named only the district court's denial of a motion to reconsider the court's judgment.

In this case, the petitioner has similarly appealed a post-judgment decision, *i.e.*, the District Court's partial denial of the certificate of appealability. The petitioner had the intent, however, to appeal the District Court's final judgment, and there is no indication that the Government suffered any prejudice from the petitioner's notice of appeal. The petitioner's intent to appeal the § 2255 judgment is clearly evidenced from the petitioner's request for the certificate of appealability. The certificate itself is nothing more than a prerequisite to the appeal of the underlying § 2255 judgment. *See* 28 U.S.C. § 2253(c)(1)(B). Moreover, there is no evidence that the Government has suffered prejudice from the petitioner's notice of appeal. The Government did not even raise a jurisdictional objection to the petitioner's appeal until the court sua sponte ordered the matter briefed. We thus find that the November 5th notice of appeal is sufficient to confer jurisdiction over the § 2255 judgment even though it only referred to the District Court's partial denial of the certificate of appealability.

* The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.